Page 1 of 6

# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**DIOP KAMAU,**

    **Plaintiff,**

**vs.**                                                  **Case No. 4:25cv233-AW-MAF**

**JONATHAN JOHNSON,**
**et al.,**

    **Defendants.**

**_____/**

## O R D E R

Defendant Jonathan Johnson, proceeding pro se, filed a notice of removal, ECF No. 1, on May 16, 2025. Defendant asserts that removal is appropriate based on the pro se Plaintiff's allegations of diversity jurisdiction and the fact that the amount in controversy exceeds $75,000. *Id.* at 1-3.

As this case involves pro se litigants, this case has been referred to the undersigned Magistrate Judge pursuant to Local Rule 72.2(E). The Court has reviewed the notice of removal, ECF No. 1, as well as the documents attached thereto from state court, ECF No. 1-1.

As required by 28 U.S.C. § 1446(a), Defendant Johnson filed the notice of removal "together with a copy of all process, pleadings, and orders" from the state court action.  ECF No. 1-1.   The state court record shows that Plaintiff Diop Kamau filed case number 2025 CA 809 in state court[1] on May 7, 2025.  ECF No. 1-1 at 3.  Thus, the notice of removal was filed in the proper federal court pursuant to 28 U.S.C. § 1441(a).[2]

The notice of removal appears to have been timely filed pursuant to 28 U.S.C. § 1446(b)(1)[3] as the state court record shows the complaint was filed on May 7th, and the notice of removal was filed on May 16th.  ECF No. 1.  Thus, Defendant sought removal within thirty days of receipt of the complaint, *see* ECF No. 1 at 2, as required by 28 U.S.C. § 1446(b)(1).

Defendant asserts that this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 based on the allegations presented by

---

[1] The complaint was filed in the Circuit Court of the Second Judicial Circuit, in and for Leon County, Florida.  ECF No. 1-1 at 8

[2] That statute provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).

[3] Pursuant to § 1446(b)(1), a notice of removal must be "filed within 30 days after the receipt by the defendant, through service or otherwise, a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ."  28 U.S.C. § 1446(b)(1).

Plaintiff in the state court complaint.  ECF No. 1 at 3.  Plaintiff alleged he was a resident of Florida, and that all other Defendants[4] were resident of other states.  ECF No. 1-1 at 11-2.

However, this Court has an independent duty to ensure that it has jurisdiction, regardless of the Plaintiff's allegations in the initial complaint.  ECF No. 1-1.  Arbaugh v. Y&H Corp., 546 U.S. 500, 514, 126 S.Ct. 1235, 1244, 163 L.Ed.2d 1097 (2006) (explaining that courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party"); *see also* Purchasing Power, LLC v. Bluestem Brands, Inc., 851 F.3d 1218, 1228 (11th Cir. 2017) (stating, "when the parties do not do their part, the burden falls on the courts to make sure parties satisfy the requirements of diversity jurisdiction").

Two of the Defendants named in this case are Janakan Thiagarajah and Bellwether Law, PLLC, the law firm of Defendant Thiagarajah.  ECF No. 1-1 at 11-12.  Plaintiff alleged Defendant Thiagarajah "is an attorney licensed in D.C." and also alleged that Bellwether Law is "a firm located in

---

[4] It does not appear that any other Defendant has been served with process.

D.C." *Id.* at 11-12.   The complaint did not clearly allege residency of the parties.

However, judicial notice is taken that Plaintiff Diop Kamau previously sued both of those defendants in this Court in case number 4:24cv207-AW-MAF.  This Court determined that Defendant Thiagarajah is a resident of the state of Florida and that Bellwether is a Florida business entity, registered to do business in Florida  and - as of December 2024 - had a principle address in Delray Beach, Florida.  See ECF No. 34 of case number 4:24cv207.  The fact that Bellwether also conducts business in the District of Columbia does not mean that it is not a Florida limited liability company and the fact that Defendant Thiagarajah is also licensed to practice law in the District of Columbia is not determinative of his residency.  Because both of those Defendants appear to be Florida residents, diversity jurisdiction would not exist in this case.  See 28 U.S.C. § 1332(a)(1); MacGinnitie v. Hobbs Grp., LLC, 420 F.3d 1234, 1239 (11th Cir. 2005) (noting that diversity jurisdiction requires complete diversity of citizenship, meaning that "no defendant ... [is] a citizen of the same state as any plaintiff") (quoted in Delaney v. Daily J. Corp., No. 22-10788-BB, 2022 WL 17246365, at *1 (11th Cir. June 30, 2022)).

Without diversity jurisdiction, this case cannot continue in federal court and would, necessarily, have to be remanded. Plaintiff identified six separate causes of action within the complaint filed in state court: fraud, tortious interference with a business, defamation, malicious prosecution, civil conspiracy to defraud, and abuse of process. ECF No. 1-1 at 8, 15-21. All of those causes of action are state law claims.

In light thereof, Defendant Johnson and Plaintiff shall have until **June 2, 2025**, to show good cause why this case should not be remanded to state court for lack of diversity jurisdiction. In the alternative, Plaintiff may file a motion to remand, clearly explaining why he believes the case should be remanded to state court.

Accordingly, it is

**ORDERED:**

1. The parties have until **June 2, 2025**, to show good cause why this case should not be remanded to state court for lack of diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).

2. Alternatively, Plaintiff may file a motion for remand to state court, by **June 2, 2025**.

3.  The Clerk of Court shall return this case upon the parties' filing of responses to this Order, or no later than June 2, 2025.

**DONE AND ORDERED** on  May 20, 2025.

**S/   Martin A. Fitzpatrick**
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**