IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**DIOP KAMAU,**
Plaintiff,

v.

**GREGORY SLATE, JANAKAN THIAGARAJAH, JONATHAN JOHNSON, GEOFFREY JOHNSON, BELLWETHER LAW, PLLC, and POLICE COMPLAINT CENTER, INC. (ALABAMA),**
Defendants.

Case No. 4:25-cv-233-AW-MAF

---

**PLAINTIFF'S MOTION TO REMAND TO STATE COURT**

Plaintiff Diop Kamau respectfully moves this Court to remand this action to the Circuit Court for the Second Judicial Circuit in and for Leon County, Florida, pursuant to 28 U.S.C. §§ 1332 and 1447(c), and in support states:

**I. INTRODUCTION**

This case was improperly removed to federal court under the guise of diversity jurisdiction. However, as this Court has already acknowledged in its May 20, 2025 Order (ECF No. 5), at least two named Defendants—Janakan Thiagarajah and Bellwether Law, PLLC—are Florida residents. Their presence destroys diversity jurisdiction under 28 U.S.C. § 1332(a)(1), and removal is further procedurally barred under 28 U.S.C. § 1441(b)(2). Accordingly, this case must be remanded.

**II. BACKGROUND**

Plaintiff filed this action in the Circuit Court of the Second Judicial Circuit, in and for Leon County, Florida (Case No. 2025 CA 809), asserting only state law claims: fraud, defamation, civil conspiracy, abuse of process, malicious prosecution, and tortious interference with business relations.

Defendant Jonathan Johnson filed a Notice of Removal (ECF No. 1) asserting diversity jurisdiction under 28 U.S.C. § 1332(a), despite:

- The absence of complete diversity;
- The improper removal by a forum-state defendant; and
- The lack of consent or proper joinder by all Defendants.

### III. LACK OF SUBJECT MATTER JURISDICTION

As the Court recognized (ECF No. 5 at 4), both Thiagarajah and Bellwether Law, PLLC, are Florida residents. The Court took judicial notice from prior litigation (Kamau v. Slate, Case No. 4:24-cv-207-AW-MAF) that:

- Defendant Thiagarajah is a resident of Florida, and
- Bellwether Law, PLLC is a Florida business entity, with a principal address in Delray Beach as of December 2024.

This destroys complete diversity. See *MacGinnitie v. Hobbs Grp., LLC*, 420 F.3d 1234, 1239 (11th Cir. 2005); *28 U.S.C. § 1332(a)(1)*.

### IV. VIOLATION OF FORUM DEFENDANT RULE

Under *28 U.S.C. § 1441(b)(2)*, even if diversity jurisdiction otherwise existed (which it does not), a civil action "removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

Thiagarajah is a citizen of Florida, and Plaintiff has made diligent efforts to serve him. His previous assertion of Florida residence in litigation before this Court (see ECF No. 5 at 3–4) confirms forum-state status, barring removal.

## V. REMAND IS REQUIRED UNDER 28 U.S.C. § 1447(c)

Remand is mandatory when a federal court lacks subject matter jurisdiction. See *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). Because this Court lacks original jurisdiction, remand is required under § 1447(c).

## VI. REQUEST FOR COSTS

The removal petition was filed despite the well-established presence of Florida parties among the Defendants, including Janakan Thiagarajah, a Florida resident, and Bellwether Law PLLC, a Florida-based entity. These facts were judicially recognized by this Court in prior litigation. While the Notice of Removal was filed pro se by Defendant Jonathan Johnson, it appears to serve as a proxy effort for the benefit of co-defendants Slate and Thiagarajah. Both Mr. Thiagarajah and Mr. Slate are trained attorneys who had actual or constructive knowledge that removal under these circumstances was procedurally barred. Their apparent coordination with Mr. Johnson, a non-lawyer, raises concerns about

improper strategic conduct intended to delay the state court proceedings and obstruct jurisdiction.

Although Plaintiff is self-represented and therefore does not seek attorney's fees, Plaintiff respectfully requests that the Court award just costs and actual expenses incurred as a result of this improper removal pursuant to 28 U.S.C. § 1447(c).

## VII. CONCLUSION

Plaintiff respectfully requests that this Court:

1. Grant this Motion to Remand;

2. Remand this action to the Circuit Court of the Second Judicial Circuit, in and for Leon County, Florida;

3. Award Plaintiff his costs and actual expenses under § 1447(c); and

4. Grant such further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Diop Kamau

Diop Kamau

5/21/25

Pro Se Plaintiff

9217 Hampton Glen Court

Tallahassee, FL 32312

(850) 566-7960

diopkamau@policeabuse.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 21st day of May, 2025, I served a true and correct copy of the foregoing Motion to Remand by U.S. Mail to all parties listed on the docket.

_[signature]_