## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

**DIOP KAMAU aka DONALD JACKSON**
*Plaintiff*

v.

**JONATHAN JOHNSON, ET AL.**
*Defendants*

Case No.: 4:25-cv-00233-AW-MAF

## <u>DEFENDANT JONATHAN JOHNSON'S MOTION TO DISMISS</u>

Defendant Jonathan Johnson pursuant to the Federal Rules of Civil Procedure 12 and Rule 4, moved to dismiss Plaintiff's Complaint as this Court lacks personal jurisdiction over this Defendant, the Plaintiff fails to state a claim, and the complaint is a shotgun pleading. Defendant respectfully shows unto the Court as follows:

## I.  MEMORANDUM OF LAW
### A. Facts

Jonathan Johnson (hereinafter "Jonathan") is an individual who at all times relevant to this litigation has been a resident of the State of Maryland. *See* Declaration of Jonathan Johnson in Support of his Motion to Dismiss for Lack of Personal Jurisdiction (hereinafter, "J. Johnson Dec.") ¶ 2. He has no connection to this action apart from being the half-brother of Defendant Slate, a matter completely unrelated to any issue in this case. *See* J. Johnson Dec. ¶ 1-9. Jonathan has never


FILED USDC FLND TL
MAY 27 '25 AM 9:35

worked or otherwise conducted any business in the State of Florida. *See* J. Johnson Dec. ¶ 4.

Plaintiff's complaint purports to sue six Defendants for fraud, civil conspiracy to defraud, abuse of process, malicious prosecution, tortious business interference with business relations, and defamation, but does not identify which defendants are sued for which claims. *See* ECF 1 (Complaint).  Notably, Plaintiff claims for defamation, and tortious interference against Defendants Slate, and Jonathan and Geoffrey Johnson have previously been dismissed by this court in 2013. *See Kamau, et al, v. Slate et al.*, US Dist. NDFL, Case Number: 4:11-cv-00522-RH-CAS, May 6, 2013, Order of Dismissal. Jonathan has never been involved in any other litigation with Plaintiff that could give rise to malicious prosecution or abuse of process claims against him. The sole allegation against Jonathan is that he failed to act with respect to the use of his name to incorporate an Alabama entity in 2002, when the complaint asserts, he was "then age 10." *See* ECF 1 (¶ 18 of Complaint).

In the paragraphs of the complaint that precedes the claims section Jonathan is only mentioned four times. *See* ECF 1 (¶¶ 18, 62-28 of the Complaint). The complaint alleges Jonathan's identity was "fraudulently used." *See* ECF 1 (Complaint at Section III "Parties"). The sole allegation against Jonathan appears to be little more than he failed to "disassociate himself from these activities" that

occurred more than 23 years ago, in 2002, when Jonathan was a minor. *See* ECF 1 (¶¶ 26-27 of Complaint).

In the paragraphs beginning after the counts Jonathan is only mentioned three times under the civil conspiracy to defraud, and tortious interference counts. *See* ECF 1 (¶¶ 42-43, and 64 of Complaint). Under conspiracy to defraud it is asserted Jonathan's name was used to establish a corporation in 2002, when he was a minor, and that he continued to allow it when "he became aware of the misuse of his identity." *See* ECF 1 (¶¶ 42-43 of Complaint).

Under the paragraphs purporting to alleged tortious business interference with business relations it is asserted in boilerplate terms that Jonathan interfered with Plaintiff's economic interest by enabling the "creation and use of a sham corporate entity that directly competed with and impersonated Plaintiff's organization." *See* ECF 1 (¶¶ 64 of Complaint). Jonathan's name does not appear and there are no other allegations against him in the body of the complaint.

### B. This Court Lacks Personal Jurisdiction
#### i. Legal Principles

Where the defendant is from out of state, a court must engage in a two-step analysis. *Cable/Home Communication v. Network Prod's*, 902 F.2d 829, 855 (11th Cir.1990); *Venetian Salami Co. v. Parthenais*, 554 SO.2d 499, 502 (Fla.1989). In the first step the court must determine whether the statutory language of section 48.193, Florida Statutes (Florida's long-arm statute) applies to the defendant. *Id.*

Second, if the statutory language applies, the court must determine whether sufficient "minimum contacts" exist to satisfy the Due Process Clause of the Fourteenth Amendment so that "maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington*, 326 U.S. 310, 316, (1945); *Cable/Home Communication*, 902 F.2d at 855.

The plaintiff has the burden of establishing a *prima facie* case of personal jurisdiction. *Meier ex reI. Meier v. Sun Int'l Hotels, Ltd.,* 288 F.3d 1264, 1268-69 (11th Cir 2002). "'A prima facie case is established if the plaintiff presents enough evidence to withstand a motion for directed verdict." *Id.* at 1269 (*quoting Madara v. Hall*, 916 F.2d 1510, 1514 (11 th Cir.1990)). Where, as here, the defendant submits affidavits contrary to the allegations in the complaint, the burden shifts back to the plaintiff to produce evidence supporting personal jurisdiction. *Id.*

It is well settled that the Due Process Clause of the Fourteenth Amendment no longer requires that a defendant be physically present in the state for the state to exercise jurisdiction over the defendant. *See Hanson v. Denckla*, 357 U.S. 235, 250-251 (1958); *Lesnick v. Hollingsworth & Vase Co.*, 35 F.3d 939, 945 (4th Cir.1994). But it is equally well settled that a defendant must have certain "minimum contacts" with the forum state. *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (*quoting Milliken v. Meyer*, 311 U.S. 457, 463 (1940)).

In defining the "minimum contacts" needed to establish personal jurisdiction, the Supreme Court has required that the defendant "purposely avail[ ] itself of the privilege of conducting activities within the forum State ...." *Hanson*, 357 U.S. at 253 (emphasis added). In other words, the actions initiated by the defendant must be "purposefully directed" at the forum state, creating a "'substantial connection' " with that state. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475-476 (1985) (*quoting McGee v. International Life Ins. Co.*, 355 U.S. 220, 223 (1957). The minimum contacts analysis embodies the basic notion that the defendant's own actions must be such as to put it on notice of the possibility of defending itself in the forum state. Thus, the defendant "should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).

### ii. Analysis

The complaint must be dismissed because the constitutional requirements for personal jurisdiction cannot be satisfied. Jonathan has not engaged in any activity purposely directed toward the State of Florida and the complaint does not allege he has. Personal jurisdiction may be founded on either two theories: general or specific jurisdiction. Plaintiff has not articulated any of the two theories or provided any indication of which theory it is relying upon. For the reasons set forth herein and in the When a suit does not arise out of the defendant's activities in the forum state, the court must rely on general jurisdiction and the requisite minimum contacts with the forum state must be fairly extensive. *Stubbs v. Wyndham Nassau Resort and Crystal*

*Palace Casino*, 447 F.3d 1357, 1361 (11th Gir. 2006). Indeed, those contacts must be "continuous and systemic." *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984).

In contrast, when a suite arises out of the defendant's activities with the forum state then a court may exercise specific jurisdiction. *Consolidated Oev. Corp. v. Sherriff, Inc.*, 216 F.3d 1286, 1292 (11th Gir. 2000). In such a case, the contacts need not be so extensive, but the fair warning requirement inherent in due process still demands that the defendant purposely directed its activities at the forum. *L.O. TJ Group Productions v. Lund*, 907 F.Supp. 1528, 1533-1534 (S.D. Fla.1995).

Plaintiff has failed to allege that there any contacts with the State of Florida, much less sufficient substantial and not isolated activity within the state that could subject the Defendant to the general jurisdiction of the Florida courts Florida Statutes, Section 48.193(2). none of the relevant statutory provisions of section 48.193, Florida Statutes, apply to Jonathan. First, Jonathan has never operated, conducted, engaged in, or carried on any business or business venture in the State of Florida, including but not limited to any business related with the Plaintiffs in this case. *See* J. Johnson Dec. ¶ 4. Second, Jonathan has never had an office or agency in the State of Florida. *See* J. Johnson Dec. ¶ 5. Third, Jonathan has never committed a tortious act within the State of Florida whether or not related to the issues in this case. *See* J. Johnson Dec. ¶ 6. Fourth, Jonathan has never owed, used, possessed or

otherwise held a mortgage or lien on any real property within the State of Florida. *See* J. Johnson Dec. ¶ 7. Fifth, Jonathan has never contracted to insure any person, property, or risk within the State of Florida. *See* J. Johnson Dec. ¶ 8. Sixth, Jonathan has never engaged in solicitation or service activities within the State of Florida. *See* J. Johnson Dec. ¶ 9.

Indeed, the sole allegation with respect to Jonathan is that he failed to act with respect to the use of his name in relation to a corporate filing in Alabama not Florida. Even if this Court found that Florida's long-arm statute somehow applied to Jonathan, this Court must still grant Jonathan's Motion because maintaining this suit in Florida would offend traditional notions of fair play and substantial justice.

## C. The Complaint is Shotgun Pleading that Fails to State a Claim

Federal Rule of Civil Procedure 10(b) provides: "A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence--and each defense other than a denial--must be stated in a separate count or defense." Pleadings that violate this rule are called "shotgun" pleadings. *See Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021).

There are four types of shotgun pleadings: (1) a complaint that incorporates by reference each preceding count; (2) a complaint that is replete with conclusory,

vague, and immaterial facts not connected to the specific case; (3) a complaint that does not separate causes of actions into separate counts; and (4) a complaint that asserts several claims against several defendants without specifying which count is directed to which defendant. *Id.* at 1324-25. In this case, Plaintiff (yet again) filed a Complaint that violates the Federal Rules of Civil Procedure. Plaintiff alleged fraud, civil conspiracy to defraud, abuse of process, malicious prosecution, tortious business interference with business relations, and defamation but without specifying which count is directed to which of the six defendants. Plaintiff also did not allege any facts that would make Jonathan liable for any of the claims asserted. Because Plaintiff fails to state a cause of action the complaint should be dismissed.

**WHEREFORE,** in light of the foregoing, Defendant Jonathan Johnson respectfully requests that this Court grant her Motion to Dismiss and dismiss the complaint with prejudice.

Dated:  May 19, 2025                    Respectfully submitted,

                                        By: _____
                                        Jonathan Johnson
                                        1355 Waterway Ct Stoney Beach
                                        Maryland 21226
                                        *Pro Se*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 19th day of May 2025, a copy of the foregoing Notice of Removal and exhibits were served via U.S. First Class Mail postage pre-paid to:

Diop Kamau AKA Donald Carlos Jackson
9217 Hampton Glenn Court
Tallahassee, FL 32312
*Pro Se Plaintiff*

Jonathan Johnson

