# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**DIOP KAMAU,**

    **Plaintiff,**

vs.                                                                  Case No. 4:25cv233-AW-MAF

**JONATHAN JOHNSON,**
**et al.,**

    **Defendants.**

_____/

# **O R D E R**

Defendant Jonathan Johnson, proceeding pro se, filed a notice of removal, ECF No. 1, of this case on May 16, 2025. Defendant claimed removal was appropriate based on the pro se Plaintiff's allegations of diversity jurisdiction within the state court complaint, and because the amount in controversy exceeds $75,000. *Id.* at 1-3.

An Order was entered on May 20, 2025, noting that Plaintiff had alleged in the complaint that he was a resident of Florida and suggesting that all other Defendants were residents of other states. ECF No. 5 (citing ECF No. 1-1 at 11-12). The state court complaint alleged that Defendant

Thiagarajah was "an attorney licensed in D.C.," and also alleged that Defendant Bellwether Law, PLLC, was "a law firm located in D.C." ECF No. 1-1 at 11-12.  However, because this Court has an independent duty to ensure that it has jurisdiction, and because the Court presided over prior litigation between some of the parties (case number 4:24cv207-AW-MAF), judicial notice was taken that the prior case established that two of the Defendants in this case (Janakan Thiagarajah and Bellwether Law, PLLC) are Florida residents.  ECF No. 5.  Without diversity jurisdiction, this case should not continue in federal court and - it appeared - should be remanded to state court.[1]  *Id.*  Thus, Defendant Johnson and Plaintiff were given until June 2, 2025, to show good cause why this case should not be remanded to state court for lack of diversity jurisdiction.  *Id.*

The next day, Plaintiff filed a motion to remand.  ECF No. 8.  Ruling on that motion has been deferred pending a response from Defendant Johnson by June 2nd as to the issue of jurisdiction and/or a response to Plaintiff's motion.  Plaintiff also filed an affidavit of a process server, ECF

---

[1] All six of Plaintiff's claims are state law claims:  fraud, tortious interference with a business, defamation, malicious prosecution, civil conspiracy to defraud, and abuse of process.  *See* ECF No. 1-1 at 8, 15-21.

No. 7, showing service on Defendant Bellwether Law PLLC on May 12, 2025, via a registered agent.

On May 29, 2025, Defendant Bellwether Law filed a lengthy "motion to enlarge time to file a pleading in response to the complaint and for order barring plaintiff's continued harassing phone calls." ECF No. 11.  Seven pages of the 9-page motion presents lengthy background and history.  *Id.*  At page 8, counsel provides one paragraph as to the request for an extension of time.  *Id.*  Counsel states that he intends to file a motion to dismiss, but he is "the sole caretaker for his children while his wife travels for work and, in light of his other professional obligations, does not have time to draft the motion until mid-June." *Id.* at 8.  He asserts that it would be more efficient to draft the motion after "the remand issue is settled."  *Id.*  Thus, it appears the motion is filed "out of an abundance of caution" to avoid a motion for default.  *Id.*  Defendant requests a deadline to respond to the complaint be set for 30 days after the issue of remand is settled by this Court."  *Id.*

Federal Rule of Civil Procedure 6 permits the Court to extend a deadline "for good cause."  Fed. R. Civ. P. 6(b)(1).  The fact that counsel must take care of his children and is otherwise busy may provide good

cause for a brief extension of time, but it is not good cause for the 30-day day extension of time requested, *after* some other future event. Furthermore, while counsel may prefer to sit on the sidelines while the Court resolves the issue of subject matter jurisdiction, the parties should also provide input because jurisdiction may not be waived or ignored. <u>Collins v. Dolgencorp, LLC</u>, No. 1:22-CV-01974-SCJ, 2022 WL 18584560, at *2 (N.D. Ga. Aug. 12, 2022).  Particularly in this case, where jurisdiction depends on establishing the citizenship of Defendants Bellwether Law and Janakan Thiagarajah, Bellwether Law may not sit silently while that issue is considered.  Finally, in the amount of time it took to file a lengthy motion for extension of time which asserted background history, counsel could have filed a motion for remand if - as it is presumed - diversity jurisdiction is lacking.  For all these reasons, the motion for an extension of time, ECF No. 11, is granted in part.  Defendant Bellwether Law must file a response to the complaint no later than **June 11, 2025**.  In addition, Bellwether Law must file a response to this Order addressing the issue of subject matter jurisdiction.

      Additionally, Defendant contends that Plaintiff is making incessant, nuisance and harassing calls.  ECF No. 11 at 8.  Defendant contends

Page 5 of 7

"Plaintiff should be ordered to stop contacting" counsel by the telephone. *Id.*

Plaintiff has responded to that motion and contends he is diligently attempted to complete service of process on Defendants Gregory Slate and Janakan Thiagarajah. ECF No. 12. Plaintiff asserts that Defendant Thiagarajah, just as occurred in case number 4:24cv207-AW-MAF, has been "evading service." *Id.* at 2. Plaintiff contends that non-harassing messages are left to notify both Defendants that they are being sued and are requested to return the call to "arrange for service of process." *Id.* Plaintiff says that email notifications accompany the calls but nether Slate nor Thiagarajah have responded. *Id.*

Counsel for Bellwether Law, which is also named Defendant Thiagarajah, provided an exhibit which shows a multitude of calls were received. ECF No. 11 at 12-15. The exhibit reveals only the beginning portion of each call which state either, "As a defendant in this matter we are . . . ." or "You have been named as a defenda . . . " and similar language. That information would appear to confirm Plaintiff's assertions that the calls are made to attempt to arrange for service of process. There has been no showing of harassing language, although some of the calls are made at

improper times such as 4:33 a.m. or 2:02 a.m.  *Id.* at 13-15.  The reality is, if counsel returned one of those telephone calls and arranged to accept service, the calls would stop.  The second point is that the calls are shown to originate from a telephone number which is not the telephone number Plaintiff lists in his signature block.  ECF No. 12 at 4; *see also* ECF No. 8 at 4.  Because it is not clear that Plaintiff is making harassing phone calls, no action is taken on the request for entry of an "order barring Plaintiff's continued harassing phone calls."

Finally, on May 27, 2025, Defendant Johnson filed a motion to dismiss, ECF No. 9, and a declaration, ECF No. 10, in support of the motion.  The motion addresses the merits of the complaint, and Defendant Johnson contends this Court lacks personal jurisdiction over him.  ECF No. 9 at 2-3.  However, Defendant Johnson did not address or respond to this Court's Order concerning whether this Court has subject matter jurisdiction.  Defendant Johnson is reminded of the June 2, 2025, deadline to show good cause why this case should not be remanded back to state court for lack of diversity jurisdiction.  *See* ECF No. 5.

Accordingly, it is **ORDERED:**

1.  Defendant Johnson has until **June 2, 2025**, to show good cause why this case should not be remanded to state court for lack of diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).

2.  Ruling is **DEFERRED** on Plaintiff's motion to remand to state court, ECF No. 8.

3.  Ruling is **DEFERRED** on Defendant Johnson's motion to dismiss, ECF No. 9.

4.  Defendant Bellwether Law's motion for an enlargement of time, ECF No. 11, is **GRANTED in part**.

5.  Defendant Bellwether Law has until **June 11, 2025,** to file a response to the Plaintiff's complaint and to file a response to this Order addressing the issue of subject matter jurisdiction.

6.  The Clerk of Court shall return this file upon receipt of the parties' compliance with this Order or no later than June 11, 2025.

**DONE AND ORDERED** on May 30, 2025.

S/   Martin A. Fitzpatrick
MARTIN A. FITZPATRICK
UNITED STATES MAGISTRATE JUDGE