IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**DIOP KAMAU,**

    **Plaintiff,**

**v.**                                                 **Case No. 4:25-cv-233-AW-MAF**

**GREGORY SLATE, JANAKAN
THIAGARAJAH, et al.,**

    **Defendants.**

_____/

## ORDER FOR REMAND

Diop Kamau sued Jonathan Johnson and others in state court. ECF No. 1. Johnson removed, asserting diversity jurisdiction. As the party asserting jurisdiction, Johnson had the burden of demonstrating it. *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411-12 (11th Cir. 1999). The magistrate judge issued a report and recommendation (ECF No. 19), which concludes Johnson did not meet his burden and that I should remand for lack of jurisdiction. Johnson filed objections (ECF No. 20), and I have considered the matter de novo.

Johnson's notice of removal failed to assert the citizenship of two defendants: Janakan Thiagarajah and Bellwether Law, PLLC. The notice alleges that "Defendant Thiagarajah is an attorney in the District of Columbia" and "Bellwether Law PLLC is located in the District of Columbia." ECF No. 1 at 3. These allegations are insufficient to establish jurisdiction.

1

A notice of removal must allege citizenship "distinctly and affirmatively." *McGovern v. Am. Airlines, Inc.*, 511 F.2d 653, 654 (5th Cir. 1975). That is because "[c]itizenship . . . is the key fact that . . . establish[es] diversity." *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994). Because Johnson did not allege Thiagarajah's domicile, his notice did not establish jurisdiction. *See McCormick v. Aderholt*, 293 F.3d 1254, 1257-58 (11th Cir. 2002). Similarly, by failing to identify all members of Bellwether Law, PLLC, Johnson failed to sufficiently allege that entity's citizenship. *See Rolling Greens MHP, L.P. v. Comcast SCH Holdings LLC*, 374 F.3d 1020, 1021 (11th Cir. 2004) ("To sufficiently allege the citizenship[] of [an LLC], a party must list the citizenships of all the members of the limited liability company . . . ."); *see also* Fla. Stat. § 621.03(3) ("The term 'professional limited liability company' means a limited liability company . . . .").

About a month after removal—presumably after recognizing he could not show complete diversity—Johnson moved to sever the claims against him. Read liberally, the motion raises two issues: fraudulent joinder and Rule 21 misjoinder.[1] The motion is without merit.

The burden to establish fraudulent joinder is "heavy." *Stillwell v. Allstate Ins. Co.*, 663 F.3d 1329, 1332 (11th Cir. 2011). Fraudulent joinder is available in only

---

[1] As Johnson explains in his objection, the magistrate judge did not address his joinder arguments.

limited circumstances: First, when "there is no possibility that the plaintiff can prove a cause of action against" the fraudulently joined parties. *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). Second, when there is "outright fraud" in the plaintiff's jurisdictional facts. *Id.* Third, when "a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several or alternative liability and where the claim against the diverse defendant has no real connection to the claim against the nondiverse defendant." *Id.*

Johnson has not met his burden. He offered no argument on how he meets any of these limited circumstances. He certainly has not shown that there could be no claim based on the allegations. *Cf. Steinmetz v. Pickholtz*, 2025 WL 1646405, at *2-4 (Fla. 3d DCA June 11, 2025) (outlining elements of malicious prosecution, civil conspiracy, and abuse of discretion claims). Nor has he shown fraud in the complaint's jurisdictional facts or that some parties have no connection with the same controversy.

Johnson's final attempt to establish jurisdiction is to move for Rule 21 severance. But Rule 21 cannot be used to create removal jurisdiction. *See Championship Property LLC v. Coan*, 2022 WL 4455208, at *6 (11th Cir. Sept. 26, 2022) ("[A] party's reliance on federal joinder rules to justify removal would 'put the cart before the horse' because, 'as with all federal rules, the joinder rules apply *after* a federal court has jurisdiction' and so 'it would be odd to use the impropriety

of joinder under those rules to *establish* jurisdiction.'" (quoting in parenthetical *Williams v. Homeland Ins. Co. of New York*, 18 F.4th 806, 817 (5th Cir. 2021)) (alterations adopted).

The report and recommendation (ECF No. 19) is adopted to the extent consistent with this order. The motion to remand (ECF No. 8) is GRANTED. The clerk will take appropriate steps to remand this case to the state court.

SO ORDERED on September 2, 2025.

>    s/ *Allen Winsor*
>    Chief United States District Judge